# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, Counterclaim-Defendant, <br><br> v. <br><br> REED SEMICONDUCTOR CORP., <br><br> Defendant, Counterclaim-Plaintiff. | C.A. No. 1:23-cv-01155-RGA |

### DEFENDANT REED SEMICONDUCTOR CORP.'S ANSWER TO THE AMENDED COMPLAINT, DEFENSES, AND COUNTERCLAIMS

Defendant Reed Semiconductor Corp. ("Reed" or "Defendant") by and through its undersigned counsel, hereby answers the Amended Complaint of Plaintiff Monolithic Power Systems, Inc. ("MPS" or "Plaintiff"), following the respectively numbered paragraphs of the Amended Complaint, as follows:

### RESPONSE TO MPS'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

1.  The allegation contained in Paragraph 1 sets forth a legal conclusion to which no response is required. Reed admits that Plaintiff asserts a claim for patent infringement. Reed denies all allegations of infringement and any remaining allegations contained in Paragraph 1.

2. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Accordingly, these allegations are denied.

3. Reed admits that it competes in the power convertor market. Reed denies the remainder of the allegations contained in Paragraph 3.

4. Reed admits that Exhibit 1 purports to be a copy of U.S. Patent No. 9,590,608. Reed denies all other allegations in Paragraph 4.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING THE PARTIES**

5. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. Accordingly, these allegations are denied.

6. Reed admits that it is a corporation organized under the laws of Delaware with its principal place of business at 875 Centerville Road, Warwick, RI, 02886.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING
SUBJECT MATTER JURISDICTION**

7. The allegations contained in Paragraph 7 set forth legal conclusions to which no response is required. To the extent necessary, Reed admits that federal courts generally have subject-matter jurisdiction over claims for patent infringement. Any remaining allegations in this Paragraph are denied.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING PERSONAL JURISDICTION, VENUE, AND JOINDER

8. Reed admits that it is incorporated in Delaware. All other factual allegations in Paragraph 8 are denied. Reed specifically denies that it has committed acts of patent infringement in Delaware or in any other State. The remainder of Paragraph 8 sets forth legal conclusions to which no response is required.

9. Reed admits that it is incorporated in Delaware. All other factual allegations in Paragraph 9 are denied. Reed specifically denies that it has committed acts of patent infringement in Delaware or in any other State. The remainder of Paragraph 9 sets forth legal conclusions to which no response is required.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING THE MPS PATENT

10. Reed admits that United States Patent No. 9,590,608 ("the '608 Patent") purports on its face to have issued on March 7, 2017 from an application filed on August 18, 2015 and to claim priority from China Patent Application, No. 20141039070.8. Reed further admits that Exhibit 1 purports to be a copy of the '608 Patent. Reed denies that the '608 Patent was duly and legally issued. Reed lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11. Admitted.

12. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

3

13. Admitted.

14. Reed denies that the '608 Patent is valid and enforceable.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING
FACTUAL BACKGROUND**

15. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Accordingly, these allegations are denied.

16. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16. Accordingly, these allegations are denied.

17. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Accordingly, these allegations are denied.

18. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18. Accordingly, these allegations are denied.

19. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19. Accordingly, these allegations are denied.

20. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20. Accordingly, these allegations are denied.

21. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21. Accordingly, these allegations are denied.

22. The '608 patent speaks for itself. To the extent Paragraph 22 contains assertions reflecting MPS's belief with respect to the disclosure of '608 patent, Reed

lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22. Accordingly, these allegations are denied.

### RESPONSE TO MPS'S ALLEGATIONS REGARDING DEFENDANT'S ALLEGED INFRINGEMENT

23. Denied.

24. Reed admits that it designs power converters. All remaining allegations in Paragraph 24 are denied.

25. Reed admits that Exhibit 2 to the Amended Complaint purports to be a claim chart alleging infringement of the '608 Patent. Reed denies that it infringes the '608 Patent, and denies the remaining allegations of paragraph 25.

26. Denied as stated. Reed admits that it sells its products indirectly through distributors. All remaining allegations in Paragraph 26 are denied.

27. Denied as stated. Reed admits that it assists its customers with purchasing products. All remaining allegations in Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied.

31. Reed admits that Exhibit 2 purports to identify certain products that allegedly infringe the '608 Patent. Reed denies that it infringes the '608 Patent, and denies the remaining allegations of paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING
COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,690,608**

40. Reed adopts, repeats and realleges each and every response previously set forth in paragraphs 1-39 in this Answer as if fully set forth in this paragraph.

41. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.  Accordingly, these allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING DAMAGES

50. Denied.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING DEMAND FOR JURY TRIAL

51. Paragraph 51 contains allegations to which no response is required. To the extent a response is required, Reed admits that MPS demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## RESPONSE TO MPS'S PRAYER FOR RELIEF

Reed hereby incorporates its foregoing responses to Paragraphs 1-51 of the Amended Complaint and denies that Plaintiff is entitled to any relief of judgment whatsoever, including from Reed, either as prayed for in the Amended Complaint or otherwise. Reed respectfully requests judgment dismissing all claims, with an award of its attorneys' fees and costs, and against MPS in all respects.

## DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's requested relief is barred, in whole or in part, under principles of equity, including without limitation, prosecution history estoppel, waiver, or estoppel.

3. Reed does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '608 Patent, either directly, contributorily, by inducement, jointly, willfully, or in any other manner.

4. Each asserted claim of the '608 Patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

5. Plaintiff's requested relief is barred, in whole or in part, under 35 U.S.C. §§ 286-288.

6. Plaintiff cannot prove this is an exceptional case and thus is precluded from seeking recovery of attorneys' fees under 35 U.S.C. § 285.

7. Because of limitations in the claims of the '608 Patent, statements made in the specifications of the '608 Patent, prior art to the '608 Patent, or proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '608 Patent, Plaintiff is estopped from asserting that claims of the '608 Patent cover any apparatus, device, or product of Reed.

8. Reed has not willfully infringed and is not willfully infringing the asserted claims of the '608 Patent identified in the Amended Complaint.

9. Plaintiff's claims for damages predating the filing of this lawsuit are barred or limited to the extent that Plaintiff failed to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

10. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and has an adequate remedy at law.

11. To the extent that Plaintiff asserts that Reed indirectly infringed, either by contributory infringement or inducement of infringement, Reed is not liable to Plaintiff for the acts alleged to have been performed before Reed knew that its actions were alleged to constitute indirect infringement.

12. By pleading these defenses, Reed does not in any way agree or concede that Reed has the burden of proof or persuasion on any of these issues. Reed reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation in this case.

## COUNTERCLAIMS

## THE PARTIES

1. Counterclaimant Reed Semiconductor Corp. ("Reed") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 875 Centerville Road, Warwick, RI, 02886.

2. Upon information and belief, Counterclaim Defendant Monolithic Power Systems, Inc. ("MPS") is a corporation organized and existing under the laws

of Delaware, having its principal place of business at 5808 Lake Washington Boulevard NE, Kirkland, WA 98033.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over MPS, and venue is proper in this Judicial District, because MPS is incorporated in Delaware and has invoked the jurisdiction of this Court by filing its Amended Complaint in this Court.

## Count I: Declaration of Invalidity of the '608 Patent

5. Reed incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

6. This Counterclaim is for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and seeks a declaration under the patent laws of the United States that the asserted claim(s) of the '608 Patent are invalid. This Counterclaim relates directly to claims asserted by MPS in the Amended Complaint. MPS asserts that the '608 patent is valid and enforceable. (*see* Amended Complaint, at ¶14). Reed contends that the asserted claims(s) of the '608 Patent are invalid. Therefore, an

actual controversy exists between the parties under Article III of the United States Constitution.

7. The asserted claim(s) of the '608 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. On information and belief, one or more products that include each and every limitation of at least claim 1 of the '608 Patent were on the market, sold to and used by consumers, and publicly disclosed in the United States prior to the effective filing date of the '608 Patent, and were on sale more than one year prior to the earliest effective priority date of the '608 Patent.

9. On information and belief, one or more patents or other printed publications disclosed each and every limitation of at least claim 1 of the '608 Patent prior to the earliest effective priority date of the '608 Patent.

10. For example, U.S. Patent Nos. 7,026,801; 7,145,316; and 9,350,241, alone or in combination with each other and/or other prior art publications and products, anticipate or render obvious at least claim 1 of the '608 Patent.

11. On information and belief, a person of ordinary skill in the art would have been motivated to combine one or more of the prior art products and/or one or more prior art references to achieve the asserted claim(s) of the '608 Patent.

### Count II: Declaration of Non-Infringement of the '608 Patent

12. Reed incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

13. Reed designs semiconductor chips for use in power converters.

14. Reed's products do not infringe any of the claims of the '608 Patent because they lack one or more required limitations of the claims, either literally or under the doctrine of equivalents, including but not limited to the bootstrap refresh module as claimed in the '608 Patent. Specifically, Reed products do not include a bootstrap refresh module as claimed in all independent claims of the '608 Patent.

### **PRAYER FOR RELIEF**

WHEREFORE, Reed respectfully prays the Court grant the following relief:

(1) That judgment be entered in favor of Reed;

(2) That this Court enter an Order declaring that the asserted claim(s) of the '608 Patent is or are invalid;

(3) That this Court enter an Order declaring that the asserted claim(s) of the '608 Patent is or are not infringed by Reed's products;

(4) That this Court declare this to be an exceptional case under 35 U.S.C. § 285;

(5) That this Court award Reed its costs in this action, together with reasonable attorneys' fees and pre-judgment and post-judgment interest; and

(6) That this Court grant Reed such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Reed Semiconductor Corp. demands a trial by jury as to all issues so triable.

Date: December 7, 2023

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Austen C. Endersby*
Austen C. Endersby (No. 5161)
919 N. Market Street, Suite 300
Wilmington, DE 19801
     - and -
2020 K Street, Suite 500
Washington, DC 20006
Tel.: (202) 461-3100
Email: aendersby@foxrothschild.com

*Of counsel:*

Ryan N. Miller (*pro hac vice* forthcoming)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel.: (215) 299-2000
Email: rmiller@foxrothschild.com

*Attorneys for Defendant and Counterclaimant Reed Semiconductor, Inc.*