IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 23-1155-JFM |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| REED SEMICONDUCTOR CORP., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S ANSWER TO DEFENDANT REED SEMICONDUCTOR CORP.'S AMENDED COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant, Monolithic Power Systems, Inc., ("MPS"), by and through its undersigned counsel, answers the amended Counterclaims (D.I. 17) of Counterclaimant Reed Semiconductor Corp. ("Reed").

MPS denies the allegations in Reed's Counterclaims unless expressly admitted in the following numbered paragraphs:

**THE PARTIES**

1. MPS lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

2. Admitted.

**JURISDICTION AND VENUE**

3. MPS admits that Reed's counterclaims purport to state claims that arise under the patent laws of the United States and the Declaratory Judgment Act. MPS admits that this Court has subject matter jurisdiction over MPS for this specific action only. MPS denies the legal sufficiency of Reed's claims against MPS, denies that Reed is entitled to any relief, and otherwise denies the allegations in paragraph 3.

{01975433;v1 }

4. Admitted.

**Answer to Count I: Declaration of Invalidity of the Claims of the '608 Patent**

5. MPS admits that Reed incorporates by reference the preceding paragraphs of these Counterclaims and MPS similarly incorporates its preceding responses to the allegations. MPS denies the allegations set forth in Reed's Twelfth Affirmative Defense.

6. MPS admits that Reed purports to request a declaration of invalidity for the '608 Patent from this Court. MPS further admits that an actual controversy exists between the parties under Article III of the United States Constitution and that the '608 Patent is valid and enforceable. MPS denies the legal sufficiency of Reed's request, denies that Reed is entitled to any relief, and otherwise denies the allegations in Paragraph 6.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

**Answer to Count II: Declaration of Non-Infringement of the '608 Patent**

12. MPS admits that Reed incorporates by reference the preceding paragraphs of these Counterclaims and MPS similarly incorporates its preceding responses to the previous allegations.

13. Admitted.

14. Denied.

### Answer to Count III: Declaration of Unenforceability of the '608 Patent due to Inequitable Conduct

15.  MPS admits that Reed incorporates by reference the preceding paragraphs of these Counterclaims and MPS similarly incorporates its preceding responses to the allegations. MPS denies the allegations set forth in the Twelfth Affirmative Defense

16.  Denied.

17.  MPS admits that Exhibit 1 purports to be a copy of the Chinese Patent Application CN201210315162. MPS also admits that Exhibit 2 purports to be a copy of the Chinese Patent Application CN201410658580.3. MPS further admits that Exhibit 3 purports to be a copy of U.S. Patent 7,026,801 to Fowler. Moreover, MPS admits that Exhibit 4 purports to be a copy of U.S. Patent 7,321,258 to Wang. Finally, MPS admits that Exhibit 5 purports to be a copy of U.S. Patent Publication 2015/0061611 to Li. MPS denies all remaining allegations in paragraph 17.

18.  MPS admits that Exhibit 2 lists a filing date. MPS admits that Exhibit 6 purports to be a copy of the Chinese Patent Publication 102832810A and lists a publication date. MPS also admits that Exhibit 7 purports to be a copy of the Chinese Patent Publication 102832810B. MPS further admits that Exhibit 8 purports to be a copy of U.S. Patent 9,312,773 to Li and lists a filing and publication date. MPS admits that Exhibit 9 purports to be a copy of an Assignment by the inventor of U.S. Patent Application 14/015,964. MPS denies all remaining allegations in paragraph 18.

19.  MPS admits that Exhibit 10 purports a copy of Chinese Patent CN104485806B and lists a filing date and publication date. MPS admits that Exhibit 11 purports a copy of an Assignment by the inventor of U.S. Patent Application 14/823,900. MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. MPS denies that Roland Tso has served as Director of Patents for MPS and MPS China. MPS admits that Roland Tso is an employee of MPS. MPS admits that Roland Tso executed a power of attorney that was filed in both U.S. App. No. 14/823,900 and U.S. App. No. 14/015,964.

21. MPS admits that Exhibit 12 purports to be a copy of a blank power of attorney executed by Roland Tso and lists a date of December 9, 2014. MPS admits that Exhibit 12 was filed in the application for U.S. App. No. 14/823,900 on August 19, 2005. MPS denies that Exhibit 12 was filed in the application for U.S. App. No. 14/015,964 on October 23, 2015.

22. Admitted.

23. Reed presupposes that Exhibit 12 was filed in the application for U.S. App. No. 14/015,964 on October 23, 2015, and therefore denies paragraph 23.

24. Admitted.

25. MPS admits that 37 C.F.R. §1.56 requires that persons substantively involved in the preparation or prosecution of an application owe a duty of candor to the USPTO to submit material non-cumulative information. MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 and therefore denies them.

26. MPS admits that CN 202918193, CN 1905340, CN 1914576, US 7026801, CN 101247080, CN 1482730 are listed on the face of Exhibit 7 and are not listed on the face of Exhibit 8. MPS admits that CN 102832810, CN 204290695, CN 1905340, US 5627460, CN 202374178 are listed on the face of Exhibit 10 and not on the face of the '608 Patent. MPS admits that U.S. Pat. Pub. No. 2015/0061611 was cited on the face of the '608 Patent. MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 and therefore denies them.

27. MPS admits that U.S. Pat. Pub. No. 2015/0061611 was submitted in an Information Disclosure Statement on August 11, 2015 in U.S. App. No. 14/823,900.  MPS denies that it did not file a single IDS during the pendency of both U.S. App. No. 14/823,900 and U.S. App. No. 14/015,964.  MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. MPS admits that Exhibit 13 purports to be a copy of a search report for Chinese Patent Application CN2014106585803.  MPS admits that Exhibit 14 purports to be a copy of a search report for Chinese Patent Application CN2012103151625. MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 and therefore denies them

29. MPS admits that Exhibit 15 purports to be a copy of a machine translation of Chinese Patent Publication 102832810A.  MPS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 and therefore denies them

30. MPS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies them.

31. Denied.

32. MPS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies them.

33. Denied.

**PRAYER FOR RELIEF**

MPS denies that Reed is entitled to any of the relief requested in its Prayer for Relief.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MPS demands a trial by jury on all issues triable of right by a jury.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | /s/ *John G. Day* |
| *Of Counsel:* | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
| John P. Schnurer | 500 Delaware Avenue, 8th Floor |
| John D. Esterhay | P.O. Box 1150 |
| Miguel J. Bombach | Wilmington, DE  19899 |
| PERKINS COIE LLP | (302) 654-1888 |
| 11452 El Camino Real, Suite 300 | jday@ashbygeddes.com |
| San Diego, CA 92130-2080 | amayo@ashbygeddes.com |
| (858) 720-5700 |  |
|  | *Attorneys for Plaintiff* |
| Dated:  January 11, 2024 | *Monolithic Power Systems, Inc.* |