IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, Counterclaim-Defendant, <br><br> v. <br><br> REED SEMICONDUCTOR CORP., <br><br> Defendant, Counterclaim-Plaintiff. | Civil Action No. 23-1155-JFM <br><br> Date: January 19, 2024 <br> The Honorable John F. Murphy |

**JOINT PROPOSED SCHEDULING ORDER**

This _____ day of _____, 20 _____, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Pursuant to the Court's December 22, 2023 Order (D.I. 16), the Parties exchanged Rule 26(a) initial disclosures on **January 12, 2024**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **April 19, 2024**.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **December 6, 2024**.

    b. <u>Document Production</u>. Document production shall be substantially complete by **October 18, 2024**.

{01977886;v1 }

    c. <u>Requests for Admission</u>.  A maximum of **50** requests for admission are permitted for each side, exclusive of any Requests for Admission concerning solely authentication, which are unlimited.

    d. <u>Interrogatories</u>.  A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

    e. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination of fact witnesses.

     ii. <u>Location of Depositions</u>.

      (1) **Plaintiff's position**: MPS's position is that the parties should meet and confer in good faith to determine mutually agreeable times and locations for noticed depositions, which should be noticed to comply with Fed. R. Civ. P. 45(c)(1), meaning the default understanding should be that witnesses will be deposed close to where they live or work. They may be foreign witnesses at issue in this litigation for which traveling to Delaware may be impractical, and Defendant has not identified any particular reason to require all party or representative witnesses to come to in-person depositions in Delaware.  MPS contends that each witness's situation is better addressed through a good faith conferral, rather than a default presumption that the witness will travel to Delaware.

      (2) **Defendant's Position**: Reed's position is there is no reason to depart from the default language used in District of Delaware scheduling orders: Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by

agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Reed contends that each witness's situation is better addressed through a good faith conferral, which is adequately addressed by the foregoing default language accepted by Judges in this District. Plaintiff's proposal seeks to impose on party witnesses noticed under Rule 30 a presumption that such notices meet the requirements, normally inapplicable to party witnesses, regarding place of compliance for third-party subpoenas issued under Rule 45.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. The parties will follow the Court's Policies and Procedures, Paragraph 7, on Discovery and Discovery Disputes.

    g. <u>Miscellaneous Discovery Matters.</u>

      i. The parties agree to the timetable for initial patent disclosures as set forth in the Delaware Default Standard for Discovery.

      ii. The parties agree to the following timetable for final patent disclosures following the Claim Construction Order.

       (1) 21 days after Claim Construction Order – plaintiff shall provide final infringement contentions.

       (2) 42 days after Claim Construction Order – defendant shall provide final invalidity contentions.

  4. <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel

be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Claim Construction Issue Identification.  On or before **June 14, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **June 28, 2024**, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s)[1]. These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **July 12, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to chambers.  The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Contemporaneously with filing the Joint Claim Construction Chart, if the parties wish to rely on expert testimony to support their claim construction positions, they shall serve any expert reports supporting such testimony also by **July 12, 2024.** If any such reports are served, the parties will make the relevant experts available for deposition by **July 26, 2024**.

6. Claim Construction Briefing[2]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **August 9, 2024**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **August 23, 2024**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **August 30, 2024**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **September 6, 2024**. No later than **September 13, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

{01977886;v1 }                               5

A. [TERM 1]³

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

7. <u>Hearing on Claim Construction</u>. Beginning at **9 a.m. on October 4, 2024**, or at another date and time convenient to the Court, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

---

³ For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits

8. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 10, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 7, 2025**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **March 7, 2025**.

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

9. <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **March 21, 2025**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing

of good cause, each side is limited to one forty-page opening brief, one forty- page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On **June 27, 2025**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at <u>9:00 </u>a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

12. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.  Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format e-mailed to chambers.  The parties will follow the Court's Policies and Procedures, Paragraph 14, on Jury Instructions and Verdict Sheet.

14.     Trial. This matter is scheduled for a five (5) day[4] jury trial beginning at 9:00 a.m. on **July 14, 2025**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15.     Mediation (for use in non-ANDA patent cases). The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the

---

[4] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

Date: _____

                                                                      JOHN F. MURPHY
                                                UNITED STATES DISTRICT JUDGE