**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REED SEMICONDUCTOR CORP.,<br><br>Defendant, Counterclaim-Plaintiff. | Civil Action No.: 1:23-cv-01155-JFM<br><br>JURY TRIAL DEMANDED |
| MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>REED SEMICONDUCTOR CORP., a Delaware Corporation<br><br>Defendant. | Civil Action No.: 1:24-cv-00165-JFM<br><br>JURY TRIAL DEMANDED |
| MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NENGDA MICROELECTRONICS (SHENZHEN) CO., LTD., a Chinese Corporation; and NENGDA SEMICONDUCTOR TECHNOLOGY (SHENZHEN) CO., LTD., a Chinese Corporation,<br><br>Defendants. | Civil Action No.: 1:24-cv-00166-JFM<br><br>JURY TRIAL DEMANDED |

# REVISED PROPOSED CONSOLIDATED SCHEDULING ORDER

The Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) on June 18, 2024, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. This scheduling order consolidates the schedules for pretrial purposes and applies to the three related cases: (1) *Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.*, C.A. No.: 1:24-cv-01155-JFM ("Reed I"); (2) *Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.*, C.A. No.: 1:24-cv-00165-JFM ("Reed II"); (3) *Monolithic Power Systems, Inc. v. Nengda Microelectronics (Shenzhen) Co. Ltd. et al*, C.A. No.: 1:24-cv-00166-JFM ("Nengda"). This order supersedes the previous scheduling order in Reed I, C.A. No. 1:24-cv-01155, D.I. 24.

2. Rule 26(a)(1) Initial Disclosures. Pursuant to the Court's December 22, 2023 Order in Reed I (D.I. 16 in Reed I), the Parties exchanged Rule 26(a) initial disclosures on **January 12, 2024** for the Reed I case and will exchange Rule 26(a) initial disclosures on **June 25, 2024** for both the Reed II and Nengda cases.

3. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 27, 2024**.

4. Discovery.

a. Discovery Cut Off. All fact discovery in these cases shall be initiated so that it will be completed on or before **February 24, 2025**.

b. Document Production. Document production shall be substantially complete by **January 6, 2025**.

c. Requests for Admission. A maximum of **50** requests for admission are permitted for each side per case, exclusive of any Requests for Admission concerning solely authentication, which are unlimited.

d. Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side per case.

e. Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of **70** hours per case of taking testimony by deposition upon oral examination of fact witnesses.

ii. Location of Depositions. The parties will meet and confer in good faith to determine mutually agreeable times and locations for noticed depositions.

f. Discovery Matters and Disputes Relating to Protective Orders. The parties will follow the Court's Policies and Procedures, Paragraph 7, on Discovery and Discovery Disputes.

g. Miscellaneous Discovery Matters.

i. The parties agree to the events of the initial patent disclosures under the Default Standard for Discovery, but on the following timetable for Reed II and Nengda (these events have already passed for Reed I):

(1) The plaintiff shall identify the accused products and asserted patents on or before **June 25, 2024** (Reed II and Nengda).

(2) The defendants shall produce the core technical documents related to the accused products on or before **July 8, 2024** (Reed II and Nengda).

(3) The plaintiff shall produce initial infringement contentions relating to each accused product to the asserted claims each product allegedly infringes on or before **July 22, 2024** (Reed II and Nengda).

(4) The defendants shall produce initial invalidity contentions relating for each asserted claim on or before **August 21, 2024** (Reed II and Nengda).

ii. The parties agree to the following timetable for final patent disclosures following the Claim Construction Order.

(1) 21 days after Claim Construction Order – plaintiff shall provide final infringement contentions.

(2) 42 days after Claim Construction Order – defendants shall provide final invalidity contentions.

5. Protective Order. The Parties have stipulated and agreed to a Protective Order in Reed I which the Court signed and entered. Reed I, C.A. No. 1:24-cv-01155, D.I. 46. The Parties stipulate that this Reed I Protective Order shall also apply to Reed II and Nengda.

6. Claim Construction Issue Identification. On **June 14, 2024** in Reed I, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction in that case. For Reed II and Nengda, on **August 28, 2024** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. The following, remaining deadlines apply to all three cases. On or before **September 4, 2024**, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s)[1]. These documents will not be filed with

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **September 18, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to chambers. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Contemporaneously with filing the Joint Claim Construction Chart, if the parties wish to rely on expert testimony to support their claim construction positions, they shall serve any expert reports supporting such testimony also by **September 18, 2024**. If any such reports are served, the parties will make the relevant experts available for deposition by **October 2, 2024**.

7. Claim Construction Briefing[2]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **October 16, 2024**. Defendants shall serve, but not file, their combined answering brief, not to exceed 7,500 words, on **October 30, 2024**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **November 6, 2024**. Defendants shall

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

serve, but not file, their combined sur- reply brief, not to exceed 2,500 words, on **November 13, 2024**. No later than **November 20, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][3]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits

8. Hearing on Claim Construction. Beginning at **9:00 a.m. on December 10, 2024**, in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, PA, , the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

9. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 4, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 2, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 30, 2025**.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before **June 13, 2025**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty- page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. Further dates including trial shall be set at a future time.

13. Mediation (for use in non-ANDA patent cases). The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the

submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

Date: June 26, 2024

JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE

167441873v1